UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――

FRANK LEE WEATHERSPOON,

                Petitioner,                            Case No. 1:16-cv-1453

v.                                              Honorable Janet T. Neff

S.L. BURT,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    <u>Factual Allegations</u>

Petitioner Frank Lee Weatherspoon is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility in Muskegon, Michigan.  He is serving a life sentence imposed on January 26, 1981, by the Kalamazoo County Circuit Court following Petitioner's jury conviction on one count of first-degree murder, MICH. COMP. LAWS § 750.316.

Petitioner directly appealed his conviction and sentence; the Michigan appellate courts affirmed.  Petitioner filed a habeas petition in this Court on November 3, 1994. *Weatherspoon v. Mayer*, No. 2:94-cv-300 (W.D. Mich.) (Pet., ECF No. 1.)  By opinion, order, and judgment entered October 16, 1996, the Court denied the petition.  *Id.* (Op. and Order, ECF No. 31; J., ECF No. 32.)          Petitioner filed a second habeas petition in this Court on August 6, 2004.  *Weatherspoon v. Bouchard*, No. 2:04-cv-170 (W.D. Mich.) (Pet., ECF No. 1.)  The petition was based on newly discovered evidence.  The Court concluded that the petition was time-barred because Petitioner had not filed his petition within one year after he discovered the evidence, even taking into account tolling of the statute of limitation during pendency of Petitioner's motion for relief from judgment in the state courts.  *Id.* (J., ECF No. 10.)

Petitioner appealed the denial of his habeas petition.  The Sixth Circuit Court of Appeals reversed the denial and remanded to this Court.[1]  Following remand, the Respondent moved to transfer the case to the Sixth Circuit because the petition was second or successive and could not

---

[1]It is interesting to note that the appellate court concluded the petition was timely based on tolling the statute of limitation during the 90 day period during which Petitioner could have applied for a writ of certiorari in the United States Supreme Court following the Michigan Supreme Court's denial of Petitioner's application for leave to appeal the order denying Petitioner's motion for relief from judgment.  Less than one year later, the Supreme Court clarified the statutory tolling provision in *Lawrence v. Florida*, 549 U.S. 327 (2007) stating "the filing of a petition for certiorari before this Court does not toll the statute of limitations under § 2244(d)(2)."  *Id.* at 337.

be filed without authorization from the court of appeals under 28 U.S.C. § 2244(b)(3).  The Court granted the motion.  *Weatherspoon v. Bouchard*, No. 2:04-cv-170 (W.D. Mich.) (Order, ECF No. 46.) The Sixth Circuit concluded the petition was second or successive and that Petitioner had failed to make the requisite showing to warrant authorization of the petition.    *In re Frankie Lee Weatherspoon*, No. 06-2493 (6th Cir. Jul. 26, 2007).

Petitioner continued to discover new evidence.  Based on the accumulating new evidence and an argument regarding the composition of the jury pool he filed a new motion for relief from judgment in the state courts.  That motion worked its way up to the Michigan Supreme Court where leave to appeal was denied by order entered January 29, 2010.  On March 31, 2010, Petitioner filed a motion in the Sixth Circuit seeking an order authorizing the district court to consider Petitioner's second or successive petition.[2]  Petitioner's motion suffered a procedural defect which he failed to cure.  It was dismissed for want of prosecution by order entered June 16, 2010.  *In re: Frankie Lee Weatherspoon*, No. 10-1473 (6th Cir. Jun. 16, 2010.)

On February 12, 2012, Petitioner filed a new motion in the Sixth Circuit seeking an order authorizing the district court to consider Petitioner's second or successive petition.  In his motion, Petitioner argued that because his first petition was filed before the Antiterrorism and Effective Death Penalty Act (AEDPA) that created the second or successive authorization requirement, he should not be required to secure authorization from the court of appeals before filing a new petition in the district court.  The Sixth Circuit acknowledged that if Petitioner were correct, and he did not require authorization, his request was unnecessary. *In re Frankie Lee Weatherspoon*,

---

[2]Based on Petitioner's motion and the attached orders relating to his motion for relief from judgment, it is apparent that by March 31, 2010, Petitioner was aware of all of the issues he seeks to raise in the petition presently before this Court.

No. 12-1215 (6th Cir. Mar. 29, 2013).  Nonetheless, to the extent Petitioner wanted authorization from the Sixth Circuit, the court denied that relief.  *Id.*

On December 19, 2016, Petitioner filed his present petition.[3]

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Section 2244(d)(1) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner signed his application in February of 2012.  His petition is the same petition he filed in the Sixth Circuit Court of Appeals in 2012.  Petitioner does not suggest, and this Court would not accept, that he handed the petition to prison authorities more than four years ago.  Other materials filed contemporaneously with his petition are dated December 19, 2016, and they were received by the Court on December 21, 2016.  Thus, the petition must have been handed to prison officials for mailing at some time on or between those dates.  For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

- 4 -

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application decades ago. A petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001).  Accordingly, Petitioner had until April 24, 1997, before the limitations period would expire under 28 U.S.C. § 2241(d)(1)(A).  By that time, however, Petitioner had already filed his initial petition and it had been denied.

Petitioner's second petition was determined to be timely as well, based on 28 U.S.C. § 2241(d)(1)(D).  Petitioner filed within one year of his discovery of the underlying factual predicate taking into account the period that running of the statute was tolled by the pendency of his state

court motion for relief from judgment. That petition was never resolved on the merits, however, because the Sixth Circuit did not authorize it under 28 U.S.C. § 2241(b)(3).[4]

Petitioner continued to discover new evidence. With that evidence in hand he filed another motion for relief from judgment in the state court. Only two months passed after the state courts had completed their review when Petitioner sought authorization from the Sixth Circuit Court of Appeals to file a second or successive petition. It appears that his petition would have been timely under 28 U.S.C. § 2241(d)(1)(D); but, the request was dismissed for want of prosecution on June 16, 2010.

In February of 2012, Petitioner returned to the Sixth Circuit seeking authorization for a second or successive petition but also arguing that the authorization was unnecessary. At that point, however, Petitioner had not discovered new evidence, his petition was not based on a newly recognized constitutional right, nor had the state imposed any impediment to the filing of the petition. If the Sixth Circuit had granted authorization to file the petition, it would have been time-barred under the statute.

Considering the same issue now, more than four and one-half years later, yields the same result. The petition is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that

---

[4]Petitioner now argues such authorization was unnecessary.

equitable tolling should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Based on Petitioner's 2012 filings, he was fully aware of every issue he now brings before the Court, including the argument that Petitioner is not required to seek authorization from the Sixth Circuit before filing this petition.  He offers no explanation for his delay.  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In  *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the

miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 1936.

In the instant case, based on a series of "affidavits" by witnesses who recant their inculpatory testimony years and years after the trial or suggest that Petitioner was framed, Petitioner claims that he is actually innocent.  The evidence, however, is not new.  Petitioner has held this evidence for more than eight years.  Moreover, for the same reasons stated by the trial court when denying Petitioner's motion for relief from judgment (Pet. Exh. D, ECF No. 1-2, PageID.52-54), this Court concludes Petitioner's evidence does not make it more likely than not that no reasonable jury would have convicted him.  *Schlup*, 513 U.S. at 329.

Recantations generally are viewed with great suspicion, especially where the affiant has a prolonged relationship with the defendant.  *United States v. Willis*, 257 F.3d 636, 645 (6th Cir. 2001) ( "[A]ffidavits by witnesses recanting their trial testimony are to be looked upon with extreme suspicion."); *United States v. Chambers*, 944 F.2d 1253, 1264 (6th Cir. 1991) ("Recanting affidavits and witnesses are viewed with extreme suspicion.").  The timing and circumstances surrounding the recantations renders the "affidavits" offered by Petitioner even more suspect.  *See McQuiggin*, 133 S. Ct. at 1935–36 (noting that the timing of newly discovered evidence of innocence is relevant to

its reliability); *Freeman v. Trombley*, 483 F. App'x 51, 61 (6th Cir. 2012) (rejecting recantation that occurred ten years after the witness first testified under oath as sufficient to show actual innocence to excuse the untimeliness of the petition); *Giles v. Wolfenbarger*, 239 F.App'x 145, 148 (6th Cir. 2007) (noting that lack of evidence regarding an affidavit's authenticity, the affiant's motivation, and circumstances of the affidavit's execution provided further support for treating a recanting affidavit with caution).

      Because Petitioner has failed to demonstrate that his case presents the extraordinary circumstance of actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).[5]  His habeas petition therefore is time-barred.

      The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day*, 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

---

[5]When Petitioner filed his document titled Habeas Petition (ECF No. 1), he also filed a motion to commence an independent action under FED. R. CIV. P. 60(d)(1) seeking relief from judgment, presumably the October 16, 1996 judgment dismissing his initial habeas petition.  Petitioner is only entitled to such relief if he demonstrates his actual innocence.  *Mitchell v. Rees*, 651 F. 3d 593, 595-596 (6th Cir. 2011).  Petitioner's failure to demonstrate his actual innocence to avoid the habeas statute of limitations bar, therefore, also dooms his bid for relief under Rule 60(d)(1).

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that Petitioner's request for relief under Federal Rule of Civil Procedure 60(d) (ECF No. 4) be denied.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:  March 1, 2017                                  /s/ Ellen S. Carmody_____
                                                                 ELLEN S. CARMODY
                                                                 United States Magistrate Judge



**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).