UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK LEE WEATHERSPOON,

    Petitioner,

v.

S. L. BURT,

    Respondent.

_____/

Case No. 1:16-cv-1453

HON. JANET T. NEFF

## OPINION AND ORDER

On December 21, 2016, Petitioner filed a "Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2254 (ECF No. 1) and a "Motion for Equitable Habeas Relief under Independent Action" pursuant to FED. R. CIV. P. 60(d) (ECF No. 4). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny both the petition and the motion. The matter is presently before the Court on Petitioner's four objections to the Report and Recommendation. Petitioner has also since filed a "Motion for Order Requiring Respondent to Answer Habeas Petition and for Appointment of Counsel" (ECF No. 15). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, denies the motions, and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

First, Petitioner argues that the Magistrate Judge "mischaracterized Petitioner's motion as a habeas petition" (Pet'r Obj., ECF No. 13 at PageID.200). Petitioner's argument fails to

demonstrate any error by the Magistrate Judge. Petitioner submitted two documents on December 21, 2016: a document titled "Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2254 (ECF No. 1) and a document titled "Motion for Equitable Habeas Relief under Independent Action" pursuant to FED. R. CIV. P. 60(d) (ECF No. 4). The Magistrate Judge did not "mischaracterize Petitioner's motion as a habeas petition" but properly examined both documents submitted to the Court for review. Petitioner's first objection is therefore denied.

Second, Petitioner argues that "the R&R omits and fails to address the claims presented in Petitioner's motion" (Pet'r Obj., ECF No. 13 at PageID.200). Petitioner's argument fails to demonstrate any error by the Magistrate Judge. The Magistrate Judge analyzed Petitioner's motion as follows:

> When Petitioner filed his document titled Habeas Petition (ECF No. 1), he also filed a motion to commence an independent action under FED. R. CIV. P. 60(d)(1) seeking relief from judgment, presumably the October 16, 1996 judgment dismissing his initial habeas petition. Petitioner is only entitled to such relief if he demonstrates his actual innocence. *Mitchell v. Rees*, 651 F.3d 593, 595-96 (6th Cir. 2011). Petitioner's failure to demonstrate his actual innocence to avoid the habeas statute of limitations bar, therefore, also dooms his bid for relief under Rule 60(d)(1).

(R&R, ECF No. 11 at PageID.195 n.5).

Federal Rule of Civil Procedure 60(d)(1) provides that a court may "entertain an independent action to relieve a party from a judgment, order, or proceeding." In *Mitchell, supra*, the Sixth Circuit held that an independent action is "available only to prevent a grave miscarriage of justice." 651 F.3d at 595 (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). And in the habeas corpus context, "in order to establish that relief is required to prevent a grave miscarriage of justice, [a petitioner] must make a strong showing of actual innocence." *Id.* at 595-96 (citing *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998) (holding that "avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing

of actual innocence"). Where Petitioner failed to demonstrate his actual innocence, the Magistrate Judge properly declined to review the merits of his request under Rule 60(d). Petitioner's second objection is therefore denied.

Third, Petitioner argues that "the R&R omits and fails to address the U.S. Sixth Circuit decision that gives rise to this action" (Pet'r Obj., ECF No. 13 at PageID.200). Specifically, Petitioner references the "Sixth Circuit's June 6, 2005 decision" (*id.* at PageID.202). Petitioner's argument lacks merit. The Magistrate Judge referenced the Sixth Circuit's June 6, 2005 decision, indicating that the Sixth Circuit had reversed the denial of Petitioner's second habeas petition, finding that the petition was timely (R&R, ECF No. 11 at PageID.188 n.1). The Magistrate Judge also indicated that following remand, the Respondent moved to transfer the case to the Sixth Circuit because the petition was second or successive and could not be filed without authorization, authorization that the Sixth Circuit denied on July 26, 2007 (*id.* at PageID.188-189). Petitioner's third objection is properly denied.

Fourth, Petitioner argues that the Magistrate Judge "erroneously applies the AEDPA 1 year statute of limitations to Petitioner's motion, which is inapplicable" (Pet'r Obj., ECF No. 13 at PageID.200). Petitioner's argument fails for the reason that he misapprehends the Magistrate Judge's analysis. The Magistrate Judge did not apply any one-year limitations period to Petitioner's Rule 60(d) motion; rather, as quoted *supra*, the Magistrate Judge applied an actual-innocence standard to both his habeas petition and Rule 60(d) motion (R&R, ECF No. 11 at PageID.195 n.5). Petitioner's fourth objection is also properly denied.

Having determined Petitioner's objections lack merit, the Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Accordingly, the Court will

deny as moot Petitioner's "Motion for Order Requiring Respondent to Answer Habeas Petition and for Appointment of Counsel" (ECF No. 15).

Last, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 13) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 11) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

4

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Equitable Habeas Relief under Independent Action" (ECF No. 4) is DENIED.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Order Requiring Respondent to Answer Habeas Petition and for Appointment of Counsel (ECF No. 15) is DENIED.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: June 20, 2017                              /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge